## STATE v. HERMAN E. OLSON.

### 133 N. W. (2d) 489.

### February 26, 1965—No. 39,183.

*Herman E. Olson,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, *J. Earl Cudd,* Solicitor General, and *Einer C. Iversen,* County Attorney, for respondent.

FRANK T. GALLAGHER, C.

This is an appeal from a district court judgment following a plea of guilty to the crime of third-degree burglary. Minn. St. 1961, § 621.10.

The defendant asserts that the information charging him with the crime is defective in certain particulars and that the court deprived him of due process of law by accepting his plea of guilty. Defendant, together with Dean Richardson, was charged by complaint filed with a justice of the peace in New Richland, Minnesota, with breaking and entering Thompson's Body Shop in New Richland on December 26, 1962, and was arrested on a warrant issued by the justice. Defendant's counsel requested a change of venue, and a preliminary hearing was held before the municipal court division of the Waseca County probate court on February 11, 1963, at which time defendant was represented by counsel.

At the hearing, Sherman Richardson, aged 17, the defendant's nephew, and two officers testified. Sherman stated that he and his brother Dean were in possession of a 1956 Ford car belonging to

the mother of a friend in Albert Lea. The owner was requesting its return but the Ford would not start. Sherman, who was driving his mother's car and was accompanied by Dean and the defendant, was driving around in New Richland on the evening of December 26, 1962. He said that they wanted to get a battery and that at about 8 p. m. he "dropped them off" by Boie's implement business, next to Thompson's Body Shop. According to Sherman, it was his understanding that defendant and Dean were going to steal a battery in order to start the Ford. He returned about 9 p. m. and picked them up at about the same place, and Dean was then carrying a battery.

The policemen testified that they had received a burglary complaint from Thompson's Body Shop on December 27. They investigated and found that a rear window had been broken, presumably to gain entry; that there were tracks in the snow leading up to and away from the window and from a rear door; that a battery was missing; and that a soft drink vending machine had been broken into. On the strength of this evidence the defendant was bound over to the district court, where he was arraigned on March 4 upon an information charging that he, together with Dean Richardson, "did wilfully, wrongfully and unlawfully break and enter a building commonly known as Thompson's Body Shop with intent to commit a crime therein, in violation of Section 621.10 M.S.A. and constituting the crime of Burglary in the 3rd Degree."

The defendant did not immediately enter a plea in district court, as his counsel requested additional time to discuss the matter. Later that day the defendant plead guilty. The court accepted his plea, and on the same day the prosecutor charged defendant with two prior convictions. The defendant plead not guilty to the latter charges but withdrew that plea on March 18 and plead guilty.

On April 19, 1963, the defendant appeared for sentencing. The court then questioned him about a letter he had written to the court after his arraignment, in which he stated that he did not burglarize Thompson's Body Shop, but that he had removed a battery from a car parked in a lot with some farm machinery, the lot presumably belonging to Boie's Implement Company. The defendant attempted to

justify this admitted taking on the ground that his nephews, the Richardsons, had been trying to start the Ford for two days, and since various items had been loaned by a service station to help them he assumed the boys had permission to remove the battery from the car in the lot. All this, the defendant asserted, could be established by a lie detector test. The test was actually taken, and although the results did not reach the court until after the sentencing, the prosecutor told the court that they tended to disprove the defendant's story.

The following colloquy took place between the court and the defendant at the sentencing:

"Q. You entered a plea of guilty to the crime of burglary in the third degree. Is there anything wrong with that plea? Do you understand the question?

\* \* \* \* \*

"A. I can't sit in jail all my life. You refused to take any other plea from me but a plea of guilty so if I am going to rot in the county jail I have got to do something.

\* \* \* \* \*

"Q. You indicated a moment ago that I refused to take anything from you except a plea of guilty?

"A. What am I to do? If I don't—

"Q. Is that true in your mind?

"A. What am I going to do? If I plead not guilty I don't go to court, I sit in jail, so I plead guilty to the crime although I had nothing with the break-in to do, but I was a part of the battery taking that came out of that car. It is no way out.

"Q. What do you want to do now, Olson?

"A. I will leave my plea as it is.

"Q. You don't want to change your plea?

"A. If I am going to be in jail it would be more comforting to be in Stillwater than here.

"Q. \* \* \* I asked you whether or not you want to change your plea. Would you answer that, please?

"A. Could I ask the Court what benefits I would have of doing that?

     \*    \*    \*    \*    \*

"Q. That isn't an answer to the question.

"A. I can answer the question only one way. I was not inside of the Thompson Body Shop but I will give you a plea of guilty.

"Q. The question is—that I asked you—whether or not you want to change your plea which you have already entered to this charge. \* \* \*

"A. I will leave the plea as it is but I was not inside of the Thompson Body Shop."

The court accepted defendant's guilty plea, stating that it did not believe the defendant's story in the light of his previous admissions of guilt, and sentenced him to a maximum of 7 years. The court also entered a memorandum stating that the defendant had had ample time to fabricate a story and that the polygraph test indicated that it was untrue. It was the judge's belief that the whole thing was done for the purpose of laying a foundation for a writ of habeas corpus.

We cannot agree with defendant's claims that the criminal information was defective. However, it is our opinion under the record here that the court on its own motion should have refused to accept defendant's plea of guilty. State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; State v. Jones, 234 Minn. 438, 48 N. W. (2d) 662.

The case is therefore remanded with instructions to the court to set aside defendant's plea of guilty and to permit him to enter a plea of not guilty.

Remanded.