## STATE v. LAWRENCE ERNEST DeCLOUX.

136 N. W. (2d) 657.

August 6, 1965—No. 39,521.

*Michael J. Fitzgerald, John R. Moonan,* and *Ray G. Moonan,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard Snell,* Solicitor General, *Linus J. Hammond,* Assistant Attorney General, and *L. L. Roerkohl,* County Attorney, for respondent.

Murphy, Justice.

This matter is before us on appeal from an order of the district court denying defendant's motion to vacate a judgment of conviction. It appears that on November 29, 1962, a jury returned a verdict finding defendant guilty of grand larceny in the second degree in violation of Minn. St. 1961, § 622.06. He was sentenced the same date. The petition to vacate the judgment of conviction is designated as a petition for a writ of coram nobis.

No appeal was taken from the judgment of conviction. We held in State v. Pruitt, 264 Minn. 243, 119 N. W. (2d) 32, that an order denying a motion to vacate a judgment of conviction is not appealable and that where the time for appeal from a judgment has expired under § 632.01, it cannot be extended by repeated motions to vacate the judgment of conviction. Because of recent decisions of the United States Supreme Court, we pass over the objections to the appealability of the order denying defendant's petition for relief and consider the petition as one in the nature of an application for a writ of habeas corpus in a postconviction procedure. It has been held in Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837, that after conviction the defendant may have a review of an alleged infringement of constitutional rights and that principles of res judicata no longer are applicable in habeas corpus proceedings. Since the scope and function of the writ of habeas corpus have been greatly enlarged so as to apply to postconviction procedures, we disregard the label attached to petitioner's writ and view it as one for postconviction relief from an alleged denial or infringement of constitutional rights.

In denying defendant's application without a hearing, the trial court in a brief memorandum stated:

"* * * The undersigned does not know what the technical name for

this proceedings should be but the primary concern of the undersigned is that the defendant is claiming that he is being wrongfully detained of his liberty in the State Penitentiary following his conviction * * *."

This matter was heard by the trial court before we had an opportunity to discuss the application of recent United States Supreme Court decisions to petitions of convicted defendants for postconviction relief. In State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847, we discussed the impact of Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Fay v. Noia, *supra;* and Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148, with reference to such proceedings and pointed out that where in a postconviction procedure a defendant alleges denial of some constitutional right in the proceedings by which he was convicted, his petition should not summarily be dismissed merely because of what may clearly appear in the record to the contrary. If it appears from the petition and record and such investigation as the trial court should make that defendant has been deprived of a constitutional right, a full evidentiary hearing should be accorded. We attempted in the Dinneen case to give the district court some standards by which they should be guided in reviewing these postconviction applications. The necessity for the procedures there suggested arises because the United States Supreme Court has the last word in questions involving the infringement of constitutional rights. Accordingly, in state court convictions, there is an obligation to prepare a record which will establish a basis for a fair review of the errors asserted by defendant. That record must be made in the district court.

Without passing upon the merits of the points presented in this particular case, it seems to us that one of them may require consideration as it deals with an alleged denial of due process in defendant's conviction. It is alleged in the supporting affidavits of two codefendants that they perjured themselves in testimony with relation to defendant's part in the offense. One of the affidavits states that the witness expected favors from the prosecuting authorities. Both of these witnesses now recant their testimony. These and other asserted denials of substantial rights cannot be reviewed on the record before us.

Accordingly, it is necessary for us to remand the matter to the district court for further proceedings. In the light of what we said in the Dinneen

case, the district court should investigate the merits of the petition and determine if defendant is entitled to an evidentiary hearing. If the court in its discretion determines that there is sufficient substance to defendant's application, an evidentiary hearing should be granted. At this hearing defendant should be permitted to present such evidence as he may have in support of his claims. On the basis of the record made at the hearing, the merits of his claims may then be reviewed on appeal.

Remanded.