## STATE EX REL. EVERETT WILLIAM SCHWIRTZ v. RALPH H. TAHASH.

141 N. W. (2d) 811.

March 25, 1966—No. 39,829.

*Michael Berens,* for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

FRANK T. GALLAGHER, C.

Appeal from an order of the district court denying a petition for a writ of error coram nobis.

Everett William Schwirtz was charged by information with having carnally known his 17-year-old stepdaughter. He was convicted on his plea of guilty and was sentenced to an indeterminate term of imprisonment.

In his petition Schwirtz claimed that his plea of guilty had been involuntarily made in response to (a) a promise by his wife that she would dismiss a divorce action that was pending against him if he would plead guilty, and (b) promises by police officers or sheriff's deputies that petitioner would be placed on probation if he entered a plea of guilty.

The district court denied the petition without a hearing upon the grounds that (a) promises made by petitioner's wife would not justify a withdrawal of the guilty plea, and (b) petitioner's claim of promises of leniency by police officers or sheriff's deputies was conclusively refuted by statements made by petitioner under oath at the time of the arraignment.

Petitioner's assignments of error are:

"1. The trial court erred in not granting appellant's petition because it introduced new facts which, as a matter of law, established that his plea was involuntary and coerced.

"2. The court erred in not granting an evidentiary hearing on appellant's petition because it established a prima facie case and full understanding of the coercive effect of the representations made to him required a hearing."

■ This case could be disposed of upon the grounds set forth in State v. Becker, 263 Minn. 168, 115 N. W. (2d) 920. That case involved a petition for a writ of error coram nobis based upon the claim that the petitioner's plea of guilty had been improperly induced by misrepresenta-

tion, trickery, duress, and coercion by the prosecuting attorney. On appeal from an order denying the petition this court affirmed, holding that such a claim could not be raised by coram nobis since the limited function of that writ is to correct a judgment for errors of fact which do not appear in the record; which were unknown at the time of trial; and which, if known, would have prevented the rendition of the judgment.[1] The court indicated that such a claim could have been raised by a writ of habeas corpus in the court for the district where the petitioner was imprisoned.

However, this court has on occasion reviewed the merits of a claim that was outside the bounds of the normal function of coram nobis, especially where the petition is brought pro se.[2]

Recently, in State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657, we treated a petition that had been designated as a writ of error coram nobis as a petition in the nature of an application for a writ of habeas corpus in postconviction procedure. We indicated that the recent enlargement of the scope and function of habeas corpus made it necessary for the court to disregard strict procedural rules and labels with which the application is designated.

We choose to review the merits of the petition here, despite the procedural defect, in order to avoid the necessity of a later review of the same claim on an application for habeas corpus.

■ The only real question on the merits here is whether the petition reveals sufficient cause to warrant an evidentiary hearing. Petitioner is clearly not entitled to the writ as a matter of law, even though no

---

[1] For other cases on the limited scope of coram nobis, see State v. Kubus, 243 Minn. 379, 68 N. W. (2d) 217; State ex rel. Gaulke v. County of Winona, 259 Minn. 183, 106 N. W. (2d) 560. In State v. Tellock, 264 Minn. 185, 195, 118 N. W. (2d) 347, 353, we said, "[W]here defendant has had the assistance of competent counsel it [coram nobis] will not ordinarily issue on the unsupported allegation that a plea of guilty was induced by misrepresentation, trickery, duress, or coercion, it being the defendant's right and duty to call such matters to the court's attention at the time of sentencing * * *."

[2] See, State v. Osgood, 266 Minn. 315, 123 N. W. (2d) 593, and State v. Kubus, *supra*.

counteraffidavits were offered to challenge the truth of his verified petition, since his claims stand contradicted by his own statements under oath in the record.[3]

On the question of the right to an evidentiary hearing this case is nearly identical to State ex rel. Becker v. Tahash, 265 Minn. 458, 122 N. W. (2d) 100, certiorari denied, 375 U. S. 875, 84 S. Ct. 167, 11 L. ed. (2d) 121.[4] In that case the petitioner claimed in an application for a writ of habeas corpus that he had been denied due process of law in that he was induced to enter a plea of guilty by the misrepresentations and threats of the prosecuting attorney that petitioner would be charged as a habitual offender if he pleaded not guilty, but would not be so charged if he pleaded guilty. The district court denied the petition without a hearing upon the ground that it was sham and frivolous. On appeal we said that a hearing on this claim would clearly be required if it was assumed that the petitioner could establish the claim by proper proof. We noted, however, that the record of the proceedings resulting in the plea and sentence was before the court; that a presumption of validity

---

[3] "The Court: Mr. Schwirtz, at anytime while you have been in custody, has any police officer refused to allow you to use a telephone for the purpose of calling your lawyer?

"Defendant: No, they haven't.

"The Court: During the time you have been in custody has any police officer or any sheriff, deputy sheriff, or police officer of any kind, detective, agent of the State Crime Bureau, or highway patrol, FBI or any prosecuting attorney or assistant prosecuting attorney, justice of the peace, judge of a court of record, or any person in authority made any promises to you of leniency if you would enter a plea of guilty to this Information?

"Defendant: No, sir.

"The Court: Has any such person threatened you with bodily harm or duress if you did not plead guilty?

"Defendant: No, sir.

"The Court: It would be true then to say that any plea that you make at this time is entirely voluntary?

"Defendant: Yes, sir."

[4] That case involved the same conviction as was before the court in State v. Becker, 263 Minn. 168, 115 N. W. (2d) 920, the petitioner having sought review by a writ of habeas corpus after our affirmance of an order denying coram nobis, on procedural grounds.

was to be accorded this record unless a jurisdictional defect appeared on its face; and that extrinsic evidence which contradicts the facts disclosed by the record is inadmissible to establish a jurisdictional defect. We affirmed because the petitioner's claim that his plea was induced by promises or threats was in direct conflict with testimony given by him when he entered the plea.[5]

In State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847, we reexamined the procedures with reference to the application of habeas corpus as a postconviction remedy, including those outlined in State ex rel. Becker v. Tahash, *supra,* in the light of three recent decisions of the United States Supreme Court.[6] The Dinneen case also involved the denial without a hearing of a petition for a writ of habeas corpus based upon a claim that petitioner was denied due process of law in that his plea of guilty was induced by promises of leniency by a police officer and the public defender. There, as here, the record contained statements made by the petitioner at the time of arraignment which directly contradicted his habeas corpus claim of an improperly induced plea. We said that the district court has discretion to determine whether a claim is substantial before granting an evidentiary hearing and gave the district court these standards to guide the review of postconviction applications (272 Minn. 15, 136 N. W. [2d] 852):

"* * * If it appears from the petition that it alleges defects of some substance, it should not be summarily dismissed merely because of what may clearly appear in the record to the contrary. If it appears from the petition and record and such investigation as the trial court should make that the defendant has been deprived of a constitutional right, a full evidentiary hearing should be accorded."

We held that the petition had been properly denied without a hearing in that case because there had been no suggestion as to how the petitioner

---

[5] See, also, State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284; State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 126 N. W. (2d) 646.

[6] Townsend v. Sain, 372 U. S. 293, 83 S. Ct. 745, 9 L. ed. (2d) 770; Fay v. Noia, 372 U. S. 391, 83 S. Ct. 822, 9 L. ed. (2d) 837; Sanders v. United States, 373 U. S. 1, 83 S. Ct. 1068, 10 L. ed. (2d) 148.

could prove his claim and the record established that no promises or inducements had been made.

The problem of the right to an evidentiary hearing on postconviction claims was presented in two subsequent cases. In State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657, we remanded to the district court, for further consideration in the light of our Dinneen decision, a claim that perjured testimony had been given by two codefendants at the petitioner's trial. In State ex rel. Smith v. Tahash, 272 Minn. 168, 136 N. W. (2d) 617, we remanded a petition to the district court for an evidentiary hearing on the claim that a plea of guilty had been improperly induced where the record of the critical proceeding lent some credence to that claim.

After a thorough review of the record before us, we hold, in line with State ex rel. Dinneen v. Tahash, *supra,* that the trial court did not abuse its discretion in denying the instant petition without a hearing. The record shows that petitioner had been represented by privately retained counsel at the critical proceeding and that he had been advised of the nature of the charge and the consequences of his plea. In addition to his unequivocal testimony under oath that no promises or inducements had been made in consideration of his plea, the record also contains testimony of the petitioner admitting the truth of the facts that constitute the offense. There is nothing in this latter testimony that is inconsistent with the plea.[7] Unlike State ex rel. Smith v. Tahash, *supra,* the record reveals no suspicious circumstances to lend credence to petitioner's claim.

Affirmed.

---

[7] Compare, State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153; State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489.