## STATE EX REL. DAVID OWENS v. RALPH H. TAHASH.

143 N. W. (2d) 49.

May 20, 1966—No. 40,096.

*David Owens,* pro se, for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

FRANK T. GALLAGHER, C.

Appeal from an order of the district court discharging a writ of habeas corpus.

On January 30, 1963, petitioner was apprehended by Stearns County officers. That same day officers from Douglas County, after some joint interrogation with the Stearns County officials, took petitioner to the Douglas County jail where he was served with a warrant for his arrest. Because of the temporary absence of the municipal judge in Alexandria, the county seat, petitioner was incarcerated until February 6, 1963, when he was brought before the committing magistrate. He was bound over to the district court on a $1,000 bond and remanded to the custody of the Douglas County sheriff. On March 4, 1963, he was charged by information in Douglas County with forgery in the second degree involving a check for $300.

Counsel was appointed and after consultation with him petitioner upon arraignment entered a plea of guilty and was sentenced on March 26, 1963, to an indeterminate term in the State Prison at Stillwater. Upon appeal to this court, we affirmed the conviction in State v. Owens, 268 Minn. 321, 129 N. W. (2d) 284.

According to the court's memorandum filed with the order, discharge of the writ of habeas corpus was based on the grounds that the issues raised had been reviewed on the appeal to this court and that there was no merit to defendant's claim of denial of his right of allocution.

The issues for our determination are whether the trial court erred in denying the writ of habeas corpus in view of defendant's assertions that he had been denied (1) counsel and (2) the right of allocution.

Our recent case of State ex rel. Schwirtz v. Tahash, 273 Minn. 380, 141 N. W. (2d) 811, reviewed the law in Minnesota on when an evi-

dentiary hearing must be given on a postconviction claim. See, also, State ex rel. Smith v. Tahash, 272 Minn. 168, 136 N. W. (2d) 617; State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657. We shall not attempt to review our opinions in those cases except to say that in them we relied upon State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847. In that case we held that whether a petitioner is entitled to an evidentiary hearing on a postconviction claim is left largely to the sound discretion of the trial court, who has the responsibility of examining the merits of the petition. We further stated that if it appears from the petition that it alleged defects of some substance it should not be summarily dismissed merely because of what may clearly appear in the record to the contrary and also that if it appears from the petition and record and such investigation as the trial court should make that the defendant had been deprived of a constitutional right, a full evidentiary hearing should be accorded. In State ex rel. Smith v. Tahash, *supra,* and State v. DeCloux, *supra,* this court remanded for evidentiary hearings inasmuch as suspicious circumstances appeared in the record in each case which needed to be cleared up by a hearing. In the instant case, no such suspicious circumstances appear. Instead, it is our opinion that petitioner's claims have already been determined in our earlier decision, State v. Owens, *supra.* We said in that case that there was no support in the record for claims that petitioner was induced to enter a plea of guilty on the representation of the county attorney that he would not be imprisoned if he entered that plea or on the representation of his own lawyer that he was a "cinch for probation," or that he did not receive competent legal representation. In addition that opinion reveals that the defendant was in fact given his right of allocution. Under the circumstances the trial court properly exercised its discretion in discharging the writ. State ex rel. Dinneen v. Tahash, *supra.*

Affirmed.