# STATE v. BEN T. POELAKKER.

148 N. W. (2d) 372.

February 10, 1967—No. 40,231.

*Patrick McGuire,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Howard F. Johnson,* County Attorney, for respondent.

SHERAN, JUSTICE.

Defendant appeals from a judgment of conviction for burglary in violation of Minn. St. 609.58, subd. 2(3),[1] entered upon his plea of guilty.

We affirm the conviction after reviewing the record of the proceedings in light of defendant's claims [2] that (1) he was illegally arrested and the trial court had no jurisdiction over his person; (2) evidence against him was obtained by means of an illegal search; (3) a confession was obtained by investigating authorities before defendant was provided with counsel or advised of his right of representation, which confession was the product of duress; (4) the trial court erroneously failed to vacate defendant's plea of guilty when presentence interrogation showed that defendant had confessed the charged offense but disputed the voluntariness of his admissions; (5) representation by counsel in the proceedings

---

[1] Minn. St. 609.58, subd. 2, provides: "Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary and may be sentenced as follows:

"(1) To imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both, if:

"(a) When entering or while in the building, he possesses an explosive or tool to gain access to money or property; or

"(b) The building entered is a dwelling and he possesses a dangerous weapon when entering or while in the building or he commits an assault upon a person present therein; or

"(c) The portion of the building entered contains a banking business or other business of receiving securities or other valuable papers for deposit or safe-keeping, the entry is with force or threat of force, the intent is to steal or commit a felony therein.

"(2) To imprisonment for not more than ten years or to payment of a fine of not more than $10,000, or both, if the building entered is a dwelling and another person not an accomplice is present therein.

"(3) In any other case, to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both, if the intent is to steal or commit a felony or gross misdemeanor or to imprisonment for not more than one year or to payment of a fine of not more than $1,000, or both, if the intent is to commit a misdemeanor."

[2] Defendant's court-appointed counsel on appeal has properly called our attention to all the claims of the defendant, but is not personally committed to the defendant's position that he was inadequately represented at trial.

which culminated in the sentence imposed after the plea of guilty was inadequate.

■ While it is true that this arrest without a warrant would be illegal unless the arresting officers had reasonable grounds to believe at the time of defendant's arrest on March 13, 1965, that defendant had participated in the March 12, 1965, burglary at Rush City, the illegality of the arrest does not affect the jurisdiction of the district court to accept a plea of guilty from the person arrested. State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382.

■ While evidence obtained as the result of a search incident to an illegal arrest and nonvoluntary confessions are inadmissible at trial, and mere submission to the jurisdiction of the court is not a waiver of objection to the admissibility of such evidence,[3] there was no violation of defendant's constitutional rights in this case where he pleaded guilty knowing that, if the evidence in question had been unlawfully seized and if the confession was involuntary, they could not legally be used against him in a trial pursuant to a not guilty plea.[4] Neither the seized evidence nor the confession formed a basis for his plea of guilty. See, State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174; State v. Kramer, 272 Minn. 454, 139 N. W. (2d) 374. Compare, State v. Richter, 270 Minn. 307, 133 N. W. (2d) 537, certiorari denied, 382 U. S. 860, 86 S. Ct. 119, 15 L. ed. (2d) 98 (guilty plea based upon genuine misapprehension state could use illegally seized evidence).

■ Whether the trial court abused its discretion in failing to vacate its plea of guilty and direct that defendant stand trial depends upon events transpiring on April 28 and 29, 1965, when defendant, having interposed a plea of not guilty, requested—after the case had been called for trial and a jury had been impaneled—that his plea of not guilty be withdrawn and a plea of guilty be substituted for it. The transcript of the proceedings includes these questions, answers, and comments:

---

[3] See, State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3.

[4] Before changing his plea to guilty, defendant through his attorney had moved to suppress the seized evidence and the confession.

44

"MR. JERGENS:[5] Your Honor, defendant desires to change his plea in this case.

"THE COURT: You mean to withdraw his plea of not guilty and enter a plea of guilty?

"MR. JERGENS: That's correct.

"THE COURT: Mr. Poelakker, you heard what your counsel has had to say, is that your intention?

"THE DEFENDANT: Yes.

"THE COURT: And you are then requesting the Court, are you, to permit you to withdraw your plea of not guilty?

"THE DEFENDANT: Yes.

"THE COURT: That request will be granted. I will now ask you, for the record, what is your plea to the Information, guilty or not guilty?

"THE DEFENDANT: Guilty.

"THE COURT: Your plea is guilty. All right, you may be sworn.

\* \* \* \* \*

"Q. And do you make any claim at this time that in order to induce you to enter a plea of guilty to the charge that is made against you here, namely Burglary, under Section 609.58, with respect to which as to penalty would be Subdivision 3 of that Section, that you have been abused, or threatened, or coerced by any of the public officials of this County to get you to change your plea to guilty?

"A. No.

\* \* \* \* \*

"Q. Is your plea of guilty wholly voluntary on your part?

"A. Yes.

"Q. And because you know in your own mind that you are guilty of the crime, is that it?

"A. Yes.

"Q. You understand, of course, that the crime charges you with an intent; when the building was entered in question, the Interstate Lumber Company, this crime charges you with intent to commit the crime in question, and do you admit that you did have such intent, is that right,—

---

[5] Defendant's court-appointed attorney.

"A.  Yes.

"Q.  —to take, steal and carry away certain property from the Interstate Lumber Company at Rush City, Minnesota?

"A.  Yes.

* * * * *

"Q.  Now, apparently you have been involved in some previous difficulties with the law, have you not?

"A.  Yes.

"Q.  And do I understand correctly that you have been convicted of the crime of Robbery in the First Degree sometime in 1958?

"A.  Yes.

"Q.  And are you still under a sentence of 5 to 40 years for that crime?

"A.  Yes.

* * * * *

"Q.  Are you presently under parole from that offense?

"A.  Yes.

"Q.  When will your term expire with credit for good-time under that offense?

"A.  October 16, 1985.

* * * * *

"Q.  But you do admit breaking and entering the lumber company on that occasion, do you?

"A.  Yes.

"Q.  And breaking locks and windows and gaining admission to the office?

"A.  Yes.

* * * * *

"Q.  (Continuing by Mr. Johnson) Now, it was your intention then to steal; was it your intention to steal a specific items or were you intending to steal what you could find in the place?

"A.  The intentions were to steal the items that were stolen.

* * * * *

"Q.  Now, Mr. Poelakker, you testified that the Statement that was presented here is the Statement that you signed?

"A. Yes.

"Q. Is it still your contention, however, as you testified to previously in Chambers, that the Statement was involuntary on your part?

"A. Yes.

"Q. And it is your contention that you were induced by certain pressures exerted—

"THE COURT: Now, counsel, if you are going to go into that, I am going to ask this man to withdraw his plea of guilty and stand trial, because we—we can't have this both ways.

\* \* \* \* \*

"Q. In view of the fact that your attorney has asked you the question as to whether or not this Statement was voluntary or involuntary, the Court feels that it should ask you this question: You have admitted to the County Attorney on his questioning, here, that the Statement was true, and that is the case, is it not?

"A. That's the case.

"Q. And you are not asking this Court now, and I will give you the privilege of doing so, to withdraw your plea of guilty and stand trial?

"A. No.

"Q. Notwithstanding the Court's offer to permit you to withdraw your plea, you still will stand on your plea of guilty, is that correct?

"A. Yes."

At this juncture upon motion of the county attorney, and after giving defendant and his attorney an opportunity to speak to the court prior to the pronouncement of sentence, the court declared:

"IT IS THE SENTENCE OF THE LAW AND THE JUDGMENT OF THIS COURT that as punishment therefor [violation of Minn. St. 609.58, subd. 2(3)], you shall be committed to the Commissioner of Corrections of the State of Minnesota for a term of not to exceed five (5) years, and until thence discharged by due course of law or by competent authority."

We do not find in these proceedings any violation of defendant's state or federally protected constitutional rights. Compare, State v. Youngren, 275 Minn. 388, 147 N. W. (2d) 370; State v. Jones, 267 Minn. 421,

127 N. W. (2d) 153; State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489.

■ Defendant's claim that he was inadequately represented by counsel in the district court is without merit. When arraigned before a magistrate in Chisago County on March 16, 1965, he was informed that he was entitled to a preliminary hearing and representation by counsel. He advised the magistrate that he was without funds and requested that an attorney be appointed to defend him. The March 16 hearing was adjourned until such time counsel could be supplied. On March 29, represented by S. B. Wennerberg of Center City, Minnesota, he waived a preliminary hearing. He was bound over to the district court. On April 6, 1965, defendant appeared in the district court with Mr. Wennerberg. The county attorney moved for arraignment and the information was read to defendant. Inquiry was made as to whether Mr. Wennerberg had advised defendant as to his rights generally; of his right to a jury trial; of the presumption of innocence and of the requirement that a jury finding of guilt be beyond a reasonable doubt. The defendant acknowledged that he had been so informed. A plea of not guilty was entered and the case was set for trial. On April 12, 1965, defendant appeared before the court in chambers with Mr. Wennerberg. Mr. Wennerberg advised the court that defendant had decided he wanted a preliminary hearing and certain motions to be made in his behalf prior to trial. A request was made that Mr. Wennerberg be relieved as attorney for defendant and that another attorney be appointed to replace him. Mr. John Jergens, attorney at law, Forest Lake, Minnesota, was then appointed. On April 19, 1965, a preliminary hearing was held at the courthouse in Center City before Robert C. Weida, justice of the peace. Defendant was then represented by Mr. Jergens. A court reporter was made available at defendant's request. On April 20, 1965, defendant appeared again in district court. He was represented by his counsel who moved that the proceedings be dismissed for lack of jurisdiction on the grounds that at the time of the arrest the arresting officer did not know and had no information that anything had been taken at the Interstate Lumber Company and that a complaint was not filed against defendant until after defendant had been held in custody for more than 48 hours and had

been coerced into giving an involuntary confession. Motions were made to suppress the confession upon the grounds that it was not voluntary and to suppress the evidence obtained as a result of a search of defendant's automobile as illegally taken. The motions to dismiss for want of jurisdiction were denied and the motions to suppress were also rejected without prejudice to defendant's rights to reassert these motions at the time of trial. A plea of not guilty was then interposed. At the proceeding of April 28, 1965, which has been set out in detail above, defendant was represented by court-appointed counsel.

We are satisfied that defendant was provided with competent counsel and we do not find in the record before us any basis for defendant's complaint that the representation was ineffectual.

The judgment of conviction is affirmed.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.