STATE EX REL. ALBERT BRUNNER v. RALPH H. TAHASH.

151 N. W. (2d) 417.

May 26, 1967—No. 40,406.

---

[14] Mutual Serv. Cas. Ins. Co. v. Overholser, 239 Minn. 243, 58 N. W. (2d) 268.

*C. Paul Jones,* State Public Defender, and *Ronald L. Haskvitz,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Solicitor General, and *David Weinberg,* Special Assistant Attorney General, for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from an order of the district court denying, without a hearing, defendant's petition for a writ of habeas corpus.

Defendant was charged with violating Minn. St. 1961, § 622.18, of the old Criminal Code by receiving on August 15, 1963, stolen property valued at $50. On September 12 he appeared in the municipal court of the city of Detroit Lakes pursuant to his demand for a preliminary hearing. Through his counsel,[1] defendant moved for a continuance until the services of a court reporter could be secured. The judge denied the motion, stating that he would take notes of the testimony, copy of which is included in the papers on appeal. On the basis of evidence and exhibits, the court found probable cause to believe that de-

---

[1] Although the municipal court was of the opinion that only the district court could appoint counsel for defendant, a local attorney agreed to represent him at the preliminary hearing. That attorney was appointed by the district court on September 19 to represent defendant.

fendant had committed the crime and bound him over. to the district court for trial.

On September 19 defendant appeared in the district court; counsel was officially appointed; the information was read; and defendant entered a plea of not guilty. No objection was taken to the jurisdiction of the court, and the failure to appoint a court reporter at the preliminary hearing was not mentioned. On September 23 defendant appeared again in court and indicated that he wished to change his plea to one of guilty. He admitted that he had committed the crime of which he was accused. After a brief interrogation of defendant by the county attorney, in which nothing was said about the crime, defendant's counsel spoke on his behalf. He noted that under the new Criminal Code, which took effect approximately 16 days after the crime, the offense to which defendant had pled guilty would have been only a misdemeanor rather than a felony. He urged the court not to impose a multiple sentence under the Habitual Offender Act. With this recommendation the state agreed. Defendant was then sentenced to a maximum of 5 years; the Habitual Offender Act was not invoked.

On April 15, 1966, defendant filed a petition for a writ of habeas corpus. The petition was denied without a hearing on May 12, 1966.

Two errors are assigned in the denial of the writ. Defendant contends, first, that the municipal court committed reversible error in refusing to grant a continuance to allow a reporter to be present at the preliminary hearing; and, second, that the district court was required to accord defendant an evidentiary hearing on the allegations made in his petition. Defendant asks us to remand his case for an evidentiary hearing, or, in the alternative, to decide the substantive issues raised and remand for a new preliminary hearing, arraignment, and trial.

■ Relying on our statement in State v. Zirbes, 274 Minn. 288, 291, 143 N. W. (2d) 212, 215, that "the preliminary hearing may be a critical stage in the criminal proceedings," defendant contends that upon the request of a criminal defendant the court must appoint a reporter to record the testimony of witnesses, the motions of counsel, and the rulings of the court.

Minn. St. 629.51, not cited by defendant, provides that the magis-

trate "shall reduce the testimony [of witnesses at a preliminary hearing] to writing, or cause it to be done, and, when he shall so require, have it signed by the witnesses." This language, which has not been judicially construed, suggests that notes taken by the magistrate, as here, might satisfy the statutory requirement. That the legislature has not enacted the rule for which defendant contends is also suggested by an order of this court of June 30, 1966, setting forth the procedures to be followed pursuant to the Public Defender Act, L. 1965, c. 869. That order, made upon the petition of the Minnesota state public defender, provides that at the request of a defendant the court must appoint a reporter to preserve the record of the proceedings.[2] The order was not in effect when defendant was before the municipal court in 1963, and he does not refer to it in his argument. In any event, we find it unnecessary to consider the effect of § 629.51 or the order of June 30, 1966, since we think the claim falls for other reasons.

Defendant emphasizes that because the only record of the proceedings at the preliminary hearing is contained in the judge's notes, he cannot use them on appeal to attack the finding of probable cause. But in fact the appeal does not and could not attack the finding. At the time of his arraignment, defendant, through counsel, entered a plea without raising any challenges to the court's jurisdiction. An appeal on that point would thus be futile. In short, defendant has not shown that he was prejudiced in any way by the failure to have a court reporter at the preliminary hearing. No case has been cited on us, and we have found none, in which the reporting of testimony at a preliminary hearing has been held mandatory in the absence of a statute so providing.[3] Under these circumstances we cannot say that defendant was denied a fundamental constitutional right.

---

[2] "Upon request of the defendant and the consent of the defendant to any designated delay necessary to obtain a court reporter, the judges of the municipal courts and justices of peace shall not hold preliminary hearings without a court reporter being present to preserve the record of the proceedings. If the defendant agrees, the court may use an electronic recording machine to preserve as much of the record of the proceedings as possible in lieu of a court reporter, but only if a court reporter is not readily available."

[3] See, People v. Brooks, 72 Cal. App. (2d) 657, 165 P. (2d) 51; Indian

■ In his petition to the district court, defendant alleged that he was denied the effective aid of counsel in that his attorney advised him that he would be sentenced under the new Criminal Code,[4] which provides a maximum sentence of 90 days, rather than 5 years; that he pled guilty on the basis of that representation; and that the district court erred in accepting his plea of guilty without ascertaining whether it was made with full knowledge of its consequences. He now contends that the court below was obliged to accord him an evidentiary hearing on these allegations.

In State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847, this court reviewed procedures with reference to the application of habeas corpus as a postconviction remedy in the light of three recent decisions of the United States Supreme Court. Emphasizing the discretion vested in the trial court, we stated that a petition which appears to allege defects of some substance should not be summarily dismissed "merely because of what may clearly appear in the record to the contrary," but that the trial court need not grant an evidentiary hearing unless the claims are substantial. Each case, we stated, must be considered on its own particular facts. Thus, in Dinneen, in State ex rel. Schwirtz v. Tahash, 273 Minn. 380, 141 N. W. (2d) 811, and in State ex rel. Owens v. Tahash, 274 Minn. 201, 143 N. W. (2d) 49, we concluded that the record showed no suspicious circumstances that needed to be cleared up by a hearing. On the other hand, in State ex rel. Smith v. Tahash, 272 Minn. 168, 136 N. W. (2d) 617, and State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657, we found circumstances which did require evidentiary hearings and so we remanded the cases for that purpose. In the case at bar we think the district court was correct in holding the records and files "conclusively show [that] petitioner is entitled to no relief."[5]

---

Fred v. State, 36 Ariz. 48, 60, 282 P. 930, 935; 2 Orfield, Criminal Procedure under the Federal Rules, § 10.27; Orfield, Criminal Procedure from Arrest to Appeal, p. 85.

[4] Minn. St. 609.52, subd. 3(4), and 609.53.

[5] We emphasize again that whenever a postconviction petition alleges "defects of some substance," State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136

14

Defendant's brief relies on the circumstance that if the crime for which he was convicted had been committed 16 days later than it was, the offense would have been, under the new Criminal Code, only a misdemeanor with a maximum penalty of 90 days, rather than a felony with a maximum penalty of 5 years. However, the record demonstrates that the complaint, the warrant, and the information all refer to Minn. St. 1961, § 622.18, and that at the change-of-plea hearing, the county attorney, the defense attorney, and the judge all mentioned the fact that the crime had taken place shortly before the effective date of the new code. Counsel and court alike emphasized that if defendant were convicted of another *felony* he could receive a multiple sentence under the Habitual Offender Act,[6] and the court in pronouncing sentence said explicitly:

"This means that the maximum of this sentence will be five years.

"* * * The offense when commited was a felony; had it been committed after September 1st it would be a misdemeanor, and therefore the court feels that the habitual criminal act should not be invoked * * *."

If defendant labored under the misapprehensions he describes, it stands to reason that he would have said something in response to the statements of court and counsel at the time they were made rather than wait more than 2 years. His unsupported assertions that his attorney advised him that he would be sentenced under the new code, and that he pled guilty on the basis of that representation, are thus refuted by the record.

The cases relied on by defendant are inapposite because of significant factual differences. In State ex rel. Smith v. Tahash, *supra,* the assertions in defendant's petition stood undisputed and were corroborated by an affidavit submitted by the defendant's brother. In the case at bar, de-

---

N. W. (2d) 847, the district court should hold an evidentiary hearing, appoint counsel for the defendant, and have the testimony preserved for appeal. In this way baseless claims may be weeded out and legitimate ones recognized without requiring an appellate court to decide factual questions on the basis of a fragmentary record.

[6] Minn. St. 1961, § 610.28.

fendant's statements are neither undisputed nor corroborated. In State v. DeCloux, *supra,* two codefendants submitted affidavits recanting their earlier testimony. No such circumstances obtain in the instant case. Rather, as in State ex rel. Dinneen v. Tahash, *supra,* "the record itself clearly demonstates that the assertions made by the petitioner are frivolous and without merit." 272 Minn. 15, 136 N. W. (2d) 853.

■ Defendant argues also that the court on its own motion should have refused to accept his plea of guilty because "[t]he record shows * * * that [he] was not asked whether he understood the nature of the charge against him and the consequences of his plea of guilty." He cites State v. Olson, 270 Minn. 329, 332, 133 N. W. (2d) 489, 491, where the defendant had stated, "I was not inside of the Thompson Body Shop but I will give you a plea of guilty." Here, the following exchange took place:

"THE COURT. I want to ask you this, Mr. Brunner, though you have already indicated that you now wish to plead guilty, I want to ask you whether you now admit that you are guilty of the offense? I want a definite answer.

"DEFENDANT. I will just say guilty.

"THE COURT. That isn't satisfactory.

"DEFENDANT. I will say now I admit it.

"THE COURT. You admit you did what you are accused of?

"DEFENDANT. Yes, sir.

"THE COURT. And you are doing that without reservation?

"DEFENDANT. Yes, sir.

"THE COURT. Very well. The plea of guilty may be entered."

The Olson case is thus not in point. "[T]he bald statement that he did not fully understand his rights and that they were not adequately disclosed to him by counsel does not compel a finding that relator was under a misapprehension as to the consequences of his plea. In the absence of substantial evidence to the contrary, the court could assume [his counsel] explained to relator all of his legal rights and the implications of his conviction." State ex rel. Adams v. Tahash, 276 Minn. 545, 547, 148 N. W. (2d) 562, 564.

■■■■■■

■ Finally, defendant refers to a statement by his trial counsel which, it is claimed, "expressly states that Appellant had no criminal intent to do the things charged and that he was not capable of such intent." Read in context the remark loses the significance defendant attributes to it:

"* * * Now, your honor, he is pleasant; he has a good personality; he has one terrible fault and I think that he as well as all of us who know him, I frankly admit that Albert Brunner is not particularly bright; I think he has fallen into easy paths and done these things not of any criminal intent, I don't think he is capable of it, but Albert Brunner has also when he combines his intellect with the use of some alcoholic beverages, gets himself in trouble."

These casual comments, made in the course of a plea for a lighter sentence, cannot be construed as negativing an element of the crime to which counsel had urged defendant to plead guilty.

Affirmed.[7]

---

[7] We note that defendant has already served more than 3 years of his term. In view of the fact that the maximum sentence which could now be imposed for the offense — receiving stolen goods of the value of $50 — is 90 days, we think that his case is a proper one for consideration by the parole board if the board has not already passed on the matter.