## STATE v. EDWIN L. BOERNER.

157 N. W. (2d) 40.

March 8, 1968—No. 40,565.

C. Paul Jones, State Public Defender, Robert Oliphant, Assistant State Public Defender, and Ronald J. Wolf, for appellant.

Douglas M. Head, Attorney General, Gerard W. Snell, Acting Solicitor General, and David J. Byron, Special Assistant Attorney General, for respondent.

PER CURIAM.

This is an appeal from a judgment of conviction entered pursuant to defendant's plea of guilty to the crime of burglary contrary to Minn. St. 609.58, subd. 2(1) (a).

On May 16 or 17, 1965, the United States Post Office Building at Hay-

ward, Minnesota, was burglarized. An information charging defendant with the burglary was filed on January 20, 1966, alleging the commission of the crime in substantially the following manner:

"* * * Edwin Boerner * * * hereinafter referred to as defendant, did wilfully, wrongfully, unlawfully, and feloniously enter a certain building, to-wit: The United States Post Office at Hayward, Minnesota, * * * , which building was then the property of the United States Federal Government, and who was then and there in the lawful possession of said building and without the consent of said United States Federal Government, with the intent then and there entertained by said defendant to commit a crime in said building, to-wit: the crime of larceny, he, the said defendant, then and there having in his possession and making use of a tool, to-wit: a tire iron and screwdriver, a more particular description of said tools being to the complainant unknown, to gain access to the said building and property within the said building, to-wit: a money order machine, brand name 'Friden', serial number 32910, two-tone gray, * * *."

After pleading guilty to the charge, defendant told the court that he broke into the building through the back door and stole the money order machine. He took the machine to his wife's apartment, after which he made out a check on the machine and negotiated it.

Defendant asks that his plea be withdrawn and he be rearraigned on the grounds that (1) the search of his automobile, his mother's home, and his subsequent arrest were illegal; (2) that he was improperly charged with a crime which constituted a Federal offense; and (3) that he was provided with inadequate representation by court-appointed counsel.

Defendant represents that on the day he was arrested a search was made of his automobile and his mother's home. He states that he was arrested during a subsequent search of the home on the same day. He contends that the searches were illegal because there was no warrant nor was consent given. He does not claim that any evidence was seized as a result of any search. In State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382, we held that although the arrest of the defendant in that case was illegal, nevertheless, the trial court did have jurisdiction to accept the guilty plea, and the defendant waived his right to object to the manner of his arrest by not raising the issue prior to entering his plea. In State v. Poelakker, 276 Minn. 41, 148 N. W. (2d) 372, 373, we said:

"The illegality of an arrest does not affect the jurisdiction of the district court to accept a plea of guilty from the person arrested."

The objection to the search as being illegal goes only to the question of admissibility of evidence obtained and not to the issue of jurisdiction. There

has been no showing that the evidence seized formed the basis for his plea of guilty. State v. Poelakker, *supra.*

The claim that the court was deprived of jurisdiction because the offense charged also constituted a Federal crime may be disposed of by noting that Minn. St. 609.025 provides in part:

"It is not a defense that the defendant's conduct is also a criminal offense under the laws of another state or of the United States or of another country."

From an examination of the file and transcript of the proceedings we find nothing to support defendant's bald assertion that he did not have the benefit of competent legal services by court-appointed counsel. In the absence of any affirmative showing to the contrary, there is a controlling presumption that court-appointed counsel in a criminal case not only has consulted with his client, the accused, but also has advised him in good faith of his rights in entering a plea of guilty or not guilty. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785; State ex rel. Moriarty v. Tahash, 261 Minn. 426, 112 N. W. (2d) 816; see, also, State v. Garrity, 277 Minn. 111, 151 N. W. (2d) 773; State v. Lund, 277 Minn. 90, 151 N. W. (2d) 769. The file here indicates that the court-appointed counsel was well acquainted with defendant and members of his family, knew his background, and devoted a reasonable time to consulting with and advising defendant.

Affirmed.