## ARCENEAUX *v.* LOUISIANA.

No. 76. Argued January 15, 1964.—Decided March 9, 1964.

*J. Minos Simon* argued the cause and filed briefs for petitioner.

*Bertrand De Blanc* argued the cause for respondent. With him on the brief were *Jack P. F. Gremillion,* Attorney General of Louisiana, and *M. E. Culligan,* Assistant Attorney General.

PER CURIAM.

Petitioner, who was before the state court "on a charge of vagrancy," [1] raised several objections to a denial of a preliminary hearing. The third of these reads as follows:

"... that the bill of information charges no offense known to law and if it charges an offense within the meaning and intentment [*sic*] of a Louisiana statute, then both the statute and the bill of information are unconstitutional, null, and void, as being violative of the guaranties contained in the United States Constitution and of the Louisiana Constitution and Laws; ..."

Louisiana Rev. Stat. § 15:154 provides that "after an indictment found or an information filed, it shall be

---

[1] The statute challenged, La. Rev. Stat. § 14:107 (1962 Cum. Supp.), provides:

"The following persons are and shall be guilty of vagrancy:

.          .          .          .

"(8) Persons found in or near any structure, movable, vessel, or private grounds, without being able to account for their lawful presence therein; ...."

wholly within the discretion of the district court, and not subject to review by any other court, to order or to refuse to order a preliminary examination; . . ."

Petitioner, when he asked for a preliminary hearing, was incarcerated and charged by affidavit with the offense of vagrancy. Neither an indictment nor a bill of information had been filed against him. In that state of the proceedings the motion for a preliminary examination was granted and a hearing set for March 8, 1962, and then continued to March 9. On March 9 the District Attorney filed an information charging the accused with the crime of vagrancy. Thereupon, the district judge recalled his order for a preliminary examination.

Petitioner appealed to the Louisiana Supreme Court, asking for a writ of habeas corpus and alternatively for certiorari, mandamus, and prohibition. In that application the remedies of certiorari,[2] mandamus and prohibition were sought alternatively for denial of a preliminary examination and for having to stand trial under the Vagrancy Act.

In that application the petitioner said:

> "The bill of information charged no criminal offense, and if it did set forth an alleged offense in the language of a statute, then such statute and the bill of information are unconstitutional, null and void, being violative of both Federal and State Constitutions."

In the prayer for relief contained in the application he asked in the alternative that the Court rule "upon the constitutionality" of the vagrancy statute and whether it and other Louisiana statutes and constitutional provisions cited "are contrary to and violative of the provisions

---

[2] We do not concern ourselves with the state law aspects of habeas corpus, which is, after all, only an alternative form of relief that was sought.

of the United States Constitution, and in particular the Fifth, Sixth and Fourteenth Amendments thereto."

Thus when petitioner sought review of the denial of a preliminary hearing, he tried to raise the question of the constitutionality of the vagrancy statute.

The Supreme Court denied the writs on March 16, 1962, saying "Writ refused. There is no error of law in the ruling complained of." The petition for certiorari to this Court was filed March 31, 1962. Two months later, i. e., May 31, 1962, petitioner appeared in the Lafayette city court (to which the case had been transferred by the District Court) and pleaded guilty to the charge of vagrancy. He was then sentenced to serve four months in jail, but given credit for the time served and forthwith discharged. We granted certiorari, 372 U. S. 906, and the case has been argued.

In Louisiana it seems that, with exceptions not relevant here, only orders which finally dispose of criminal cases can be appealed. See La. Rev. Stat. §15:540. "A case is finally disposed of by any judgment which dismisses the prosecution, whether before or after verdict, that grants or refuses to grant a new trial, that arrests or refuses to arrest judgment, or that imposes sentence." La. Rev. Stat. § 15:541.

The "ruling complained of" as referred to by the Louisiana Supreme Court can only be the order recalling the order for a preliminary hearing. Under our decisions in the criminal field, such denial of intermediate relief in state criminal cases is similar to an order overruling a plea in bar (*Eastman* v. *Ohio,* 299 U. S. 505) or overruling a demurrer to an indictment (*Polakow's Realty Experts* v. *Alabama,* 319 U. S. 750). Hence under 28 U. S. C. § 1257, denial of the preliminary hearing in a vagrancy case of this character is not a "final" judgment. We therefore dismiss the writ for lack of jurisdiction, without any intimation as to what rights, if any, petitioner may have under the Civil Rights Acts.