STATE EX REL. JAMES WARREN BALLINGER v.
RALPH H. TAHASH.

140 N. W. (2d) 53.

February 11, 1966—No. 39,587.

*William W. Essling,* for appellant.

*Robert W. Mattson,* Attorney General, *Gerard W. Snell,* Solicitor General, and *Charles E. Houston,* Special Assistant Attorney General, for respondent, warden of State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the district court discharging a writ of habeas corpus and remanding the defendant to the custody of the warden of the State Prison at Stillwater. The defendant contends that he was not provided with counsel at the preliminary hearing and as a result was denied due process of law guaranteed by the Fourteenth Amendment.

It appears from the record that the defendant was brought before the municipal court in the city of Bemidji on March 15, 1958, on a complaint charging him with robbery in the first degree as defined by Minn. St. 1961, §§ 619.41 and 619.42.[1] Contrary to the assertions contained in his petition for the writ of habeas corpus, the municipal court records show

---

[1] Minn. St. 628.31, with reference to preliminary examination, provides: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination as provided by law, before a justice of the peace or other examining magistrate or officer, unless such person shall waive his right to such preliminary examination."

Minn. St. 629.50, relating to the rights of the accused on preliminary examination, provides: "The magistrate before whom any person shall be brought upon a charge of having committed an offense shall, as soon as may be, examine the complainant and the witnesses in support of the prosecution, on oath, in the presence of the party charged, in relation to any pertinent matter connected with such charge, after which the witnesses for the prisoner, if he has any, shall be sworn and examined, and he may be assisted by counsel in such examination, and also in the cross-examination of the witnesses in support of the prosecution."

Minn. St. 611.07 provides for counsel at the preliminary hearing; however, it was not in effect at the time of the municipal court proceedings in the instant case.

that he was informed of his right to counsel but waived that right. The record states:

"* * * Defendant informed the court that he wished to waive reading of the complaint. He was then informed of his right to counsel and of his right to a preliminary hearing, both of which he waived."

At the hearing before the trial court on the petition, the defendant testified, "[I]n actuality, I was advised of my rights to have counsel. I made the statement that 'I wished to have counsel' and nothing ever came of it until I appeared in District Court."

The defendant relies on Hamilton v. Alabama, 368 U. S. 52, 82 S. Ct. 157, 7 L. ed. (2d) 114, and White v. Maryland, 373 U. S. 59, 83 S. Ct. 1050, 10 L. ed. (2d) 193, which authorities stand for the proposition that due process of law guarantees the accused the right of counsel at all critical stages of criminal proceedings. These authorities related to situations where the failure to provide a preliminary hearing, or failure to provide counsel at a preliminary hearing, resulted in prejudice to the defendants. In Hamilton v. Alabama, *supra,* the failure to assert certain defenses on arraignment resulted in the loss of the right to assert such defenses on trial. In White v. Maryland, *supra,* it appears that the entry of a plea of guilty at a preliminary hearing was considered critical because the plea was later used as evidence against the defendant at the trial. The defendant there did not have benefit of counsel at the preliminary hearing which might have averted the disadvantages encountered at the trial. In the most recent case from the Court of Appeals for the District of Columbia, Dancy v. United States, 34 U. S. Law Week 2212 (Oct. 26, 1965), it was held that the failure of the defense counsel to have an opportunity to cross-examine the prosecution witnesses in the preliminary hearing resulted in a disadvantage at trial which was prejudicial to the defendant.

The function of the preliminary hearing in this state is expressed in our decision in State ex rel. Hastings v. Bailey, 263 Minn. 261, 266, 116 N. W. (2d) 548, 551, where we stated:

"It may be said generally that the purpose of preliminary examination is to inquire concerning the commission of the crime and the connec-

tion of the accused with it in order that he may be informed of the nature and character of the offense with which he is charged; to determine if there is probable cause for believing the defendant guilty; and to fix bail. It is not necessary for the state to prove the defendant's guilt beyond a reasonable doubt. The state is not required to disclose at the preliminary hearing all of its evidence relating to the commission of the offense. It is required to submit only sufficient evidence to establish probable cause. It has been said that the test of probable cause is whether the evidence worthy of consideration, in any aspect for the judicial mind to act upon, brings the charge against the prisoner within reasonable probability."

We agree that on the basis of the record the trial court could properly find that the defendant waived his right to counsel and waived preliminary hearing. Moreover, we do not find anything in the record here which indicates the possibility of prejudice to the defendant's rights. He was provided with competent counsel when he appeared in district court for arraignment. There is no contention on his part that the prosecution was without merit or that he is not guilty of the offense charged. Our statement in State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 242, 126 N. W. (2d) 646, 650, aptly applies. There we said:

"* * * [The defendant] contends that under due process an accused 'requires the guiding hand of counsel at every step in the proceedings against him' as declared in Powell v. Alabama, 287 U. S. 45, 69, 53 S. Ct. 55, 64, 77 L. ed. 158, 170. The manifest and fatal weakness of this argument is that it exalts theoretical possibilities and ignores what in fact occurred. Counsel was appointed immediately after it was determined that petitioner was indigent and before arraignment was completed or had reached the stage where it could be regarded as reasonably likely that any available defenses might be waived or irretrievably lost. * * * There is no showing whatsoever that any procedural steps required to be taken before a plea is entered could not have been taken, or that he requested any to be taken, or, in fact, that any such steps were warranted."

In this case, the defendant was provided with competent counsel be-

fore arraignment; he had full opportunity for consultation and preparation for trial in the event he wished to plead not guilty; and he had the right to assert all defenses and objections which might have been available to him on appearance before the committing magistrate. No contention is made that there exists a possible defense to the charge contained in the information. Under the circumstances, we must conclude that there was no denial of a right which would entitle the defendant to relief.

Affirmed.