# STATE EX REL. NICHOLAS MILETICH v. RALPH H. TAHASH.

148 N. W. (2d) 134.

January 13, 1967—No. 40,216.

*Richard H. Hastings,* for appellant.

*Robert W. Mattson,* Attorney General, and *Gerard W. Snell,* Solicitor General, for respondent, warden of State Prison.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order discharging a writ of habeas corpus.

Petitioner, Nicholas Miletich, was born in Duluth, Minnesota, on October 21, 1929. He finished high school and attended college for one year. Since then he has spent a major portion of his adult life in prison on one charge or another. On April 6, 1961, he cashed a forged check at the Flame Restaurant in Duluth. Before he could be apprehended for commission of this crime, he was taken into custody by the Federal authorities and served a term in the Federal penitentiary from June 1961 until May 1964. While in the Federal prison he made complete restitution of the amount of the forged check. The owners of the Flame Restaurant requested the Duluth police not to prosecute on the check transaction. However, when he was discharged from the Federal prison at Sandstone, Minnesota, in May 1964 he was taken into custody on the check forgery charge. The record does not show that he had a preliminary hearing or arraignment at the municipal court level, but he alleges that there was

some conversation between him and the municipal judge in the hallway next to the courtroom before he was bound over to the district court.

Petitioner appeared for arraignment before the district court on June 2, 1964. The matter was continued until June 9 so that he could obtain counsel. June 9 he appeared with counsel of his own choosing and entered a plea of not guilty to the charge of second-degree forgery. The case was continued until September. On August 11 he appeared before the court and requested leave to change his plea to guilty. The matter was referred to the St. Louis County Probation Office for a presentence investigation and report. On September 11 he again appeared before the court and was sentenced to not more than 5 years in the State Penitentiary at Stillwater, which was far less than the maximum sentence for this crime. The execution of the sentence was stayed and petitioner was placed on probation for a period of 2 years.

On December 22, 1964, petitioner appeared before the district court with counsel from Superior, Wisconsin, to answer for alleged violation of his probation. During his probationary period he had not worked steadily but was receiving $180 per month as workmen's compensation resulting from a back injury sustained in June 1964. The court found he had violated his probation and sentenced him to 30 days in the St. Louis County Workhouse. After having served this sentence he returned to probation, but on June 3, 1965, he again appeared before the court to answer for a violation of his probation. He was at that time charged with having left the state without permission and was also suspected of participation in a burglary of a furniture store in Duluth. At this appearance he for the first time objected to his sentence on the forgery charge and stated that he wanted to appeal from that conviction. The matter was again continued so that he could obtain counsel. On June 22, 1965, he appeared in court with counsel who had been appointed by the court. At the conclusion of the hearing the court found that he had violated the terms of his probation, which was revoked, and he was sent to the State Penitentiary at Stillwater to serve his sentence.

On June 30, 1965, he filed a petition for writ of habeas corpus with the District Court of Washington County, which petition was denied on August 24. On October 18, 1965, he filed a second petition for writ of

habeas corpus. The court granted him a hearing on November 3 and he was present with court-appointed counsel at that hearing. It was found that he had had a fair hearing on the revocation of his probation and that he was not entitled to be released on a writ of habeas corpus, which was dismissed.

Substantially the only question raised on this appeal is whether petitioner was denied any constitutional rights because he did not have a preliminary hearing prior to being bound over to district court.

Minn. St. 628.31 provides that an accused party has the right to preliminary examination before an information is filed against him unless he chooses to waive such right. Failure to object to the lack of preliminary examination before the defendant enters a plea when arraigned constitutes a waiver. State ex rel. Welper v. Rigg, 254 Minn. 10, 13, 93 N. W. (2d) 198, 201, where we said:

"* * * [A] preliminary hearing is not a trial, and a defendant may not save his objections to the failure of the magistrate to give him a preliminary examination until after he has been given a fair and impartial trial by a court of competent jurisdiction resulting in his conviction and then attempt to vitiate the proceedings. At any point up to the time he enters his plea he may call these irregularities to the attention of the court; failure to do so by then must necessarily be deemed a waiver of these objections."

Petitioner contends that the rule we announced in Welper has been overruled by Arceneaux v. Louisiana, 376 U. S. 336, 84 S. Ct. 777, 11 L. ed. (2d) 750, and Pointer v. Texas, 380 U. S. 400, 85 S. Ct. 1065, 13 L. ed. (2d) 923. These cases are not in point. The Arceneaux case has nothing to do with the situation here; in the Pointer case the defendant did not have counsel at the preliminary hearing and defendant's counsel at trial objected to using testimony from the principal witness at the preliminary hearing because there had been no opportunity to cross-examine him. The United States Supreme Court upheld this contention. Under our procedure, waiver of a preliminary hearing does not waive any rights that a defendant may not raise prior to his arraignment. It may be that if the case is tried a preliminary hearing does have

some value as a discovery proceeding, but where a plea of guilty is entered it is difficult to see how any prejudice results from a waiver of a preliminary hearing. That is the situation we have here. While the record is not clear as to exactly what took place prior to arraignment, we hold that even if no preliminary hearing was held prior to the time petitioner obtained counsel, no harm has resulted in view of his later plea of guilty to the charge contained in the information. We see no purpose in discussing the matter further.

Petitioner also contends that he was not legally returned from Wisconsin to Minnesota. Apparently he feels he should have been extradited, but the record shows that he returned voluntarily to Duluth upon receiving a telephone call from the Duluth Police Department. We see no merit to this contention.

Petitioner also apparently contends that we should reevaluate the sentence imposed upon him. Even if we had the authority to do so, which we do not under our laws, it must be apparent that in this case the trial court gave petitioner every opportunity to make good that anyone could expect. Not only was he given a shorter sentence than the maximum possible under our statute, but he was placed on probation, in spite of his past record. When he first violated his probation, the court sent him to the county work farm for 30 days instead of the penitentiary. Even that did not convince him that he ought to abide by the rules of his probation. The evaluation of his sentence and the time that he must spend in the penitentiary must under these circumstances be left up to the Adult Corrections Commission. We are convinced that the court properly denied his petition for writ of habeas corpus.

Affirmed.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.