150 N.W.2d 567 (1967)
STATE of Minnesota, Respondent,
v.
George T. DANIELSON, Appellant.
No. 40316.
Supreme Court of Minnesota.
May 5, 1967.
C. Paul Jones, Public Defender, Murray L. Galinson, Asst. Public Defender, Minneapolis, for appellant.
Douglas M. Head, Atty. Gen., Gerard W. Snell, St. Paul, Wm. B. Randall, Co. Atty., Mentor Addicks, Jr., Thomas Quayle, Asst. Co. Attys., St. Paul, for respondent.

OPINION
KNUTSON, Chief Justice.
Defendant was arrested pursuant to a complaint filed in municipal court for commission of the crime of robbery in the first degree. He was thereafter indicted by the grand jury and brought to trial in district court under the indictment. The jury found him guilty of the crime as charged and he was sentenced accordingly. Prior to trial defendant sought to obtain counsel of his own choosing and for a time apparently was represented by private counsel, who withdrew from the case after so advising defendant. As defendant was unable to procure private counsel after having been given ample opportunity to do so, the court appointed the public defender, Mr. Thomas Newcome, whose services the defendant accepted.
Following some preliminary skirmishes in which the defendant was first refused the privilege of filing a pro se application for relief and later granted such privilege (State ex rel. Danielsen v. Tahash, 273 Minn. 286, 141 N.W.2d 390), this proceeding came on for a postconviction review *568 of the conviction and sentence. Defendant now contends that (1) he was denied his constitutional right under the Sixth Amendment to effective aid and assistance of counsel; (2) he was denied his constitutional right under the Sixth Amendment to a jury trial because a juror was inattentive and sleeping; and (3) that the evidence does not sustain a conviction.
1. As to the first contention of defendant, an examination of a rather voluminous transcript would, we think, convince any fair-minded person that competent counsel adequately represented the defendant in all stages of the trial. Defendant personally chose not to take the stand. Defendant's counsel vigorously cross-examined most of the witnesses called by the state, made exhaustive attempts to procure witnesses for defendant, and did about everything that anyone could do to defend him.
2. With respect to the second claim of defendant, all that happened was that near the beginning of the trial the court asked one of the jurors whether he was paying attention or was, possibly, asleep; the juror answered that he was simply bowing his head. There is no further indication that he was actually sleeping. There is no showing of prejudice. This claim requires no further comment.
3. With respect to the sufficiency of the evidence to sustain the conviction, a fair reading of the transcript would convince anyone that the evidence is well-nigh conclusive that defendant was guilty. A finance company was robbed by two men, one of whom held a gun. Two of those who were present identified defendant as the man who held the gun. A Mrs. O'Meara, with whom defendant was living for about 5 days preceding the robbery, testified that she heard defendant and his accomplice, Chester Hesson, planning the robbery. After the robbery, Mrs. O'Meara, who had heard about it, asked defendant if he had participated in the robbery and he did not deny it. Shortly before the robbery defendant had borrowed an automobile from a friend. After the robbery defendant still had the automobile in his possession, and later it was found on an isolated road, burned up. A friend of defendant testified that the evening before the robbery defendant had to borrow money from him for a beer. After the robbery, defendant had quite a large sum of money. When arrested, he was forcibly subdued by police officers, and a nickel-plated revolver was found in his possession. A nickel-plated revolver was used in the holdup. It is difficult to see how evidence could be more conclusive. We see no purpose in further discussing in detail the evidence that sustains this conviction.
The case is affirmed.
OTIS, J., having presided at the trial of a codefendant, Chester Hesson, took no part in the consideration or decision of this case.