STATE EX REL. WALLACE JAMES KIER v. RALPH H. TAHASH.

153 N. W. (2d) 222.

September 8, 1967—No. 40,811.

*Robert A. Nicklaus,* for appellant.

*Douglas M. Head,* Attorney General, *Gerard W. Snell,* Acting Solicitor General, and *David C. Weinberg,* Special Assistant Attorney General, for respondent, warden of State Prison.

PER CURIAM.

Appeal from a district court order denying a petition for habeas corpus.

Relator is confined in the State Prison pursuant to his August 3, 1965, conviction upon a plea of guilty to an indictment charging criminal negligence resulting in death. Minn. St. 609.21. On February 13, 1967, he filed with the District Court of Washington County a petition for habeas corpus,[1] alleging his confinement was unlawful by reason of (1) deficiency of the indictment; (2) denial of his statutory right to challenge the grand jury; (3) denial of his right to adequate counsel; and (4) the trial court's acceptance of his guilty plea in the face of his statements inconsistent with guilt of the crime charged. The district court denied his petition without a hearing, and he appeals.

The indictment to which relator pleaded guilty charged that relator did, at a specified time and place, "wrongfully and unlawfully operate a motor vehicle in a grossly negligent manner and did thereby cause the death of [decedent] on the 5th day of June, 1965, under circumstances not constituting murder or manslaughter, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Minnesota." The petition asserts the indictment was defective in failing to specifically define what was the wrongful and unlawful conduct of which relator was guilty, thereby depriving him of his constitutional right to be

---

[1] A prior petition was filed with that court on February 28, 1966. Upon denial of that petition this court remanded the case to the district court so that relator, who had retained an attorney since filing his petition, could, with the aid of counsel, redraft the petition and present it to the district court. State ex rel. Kier v. Tahash, 275 Minn. 560, 146 N. W. (2d) 611.

informed of the crime with which he is charged. The claim is without merit. An accusation charging criminal negligence in the language of the statute is sufficient, since the statutory term "grossly negligent" is descriptive of the offense and not merely conclusory, and sufficiently conveys what is meant; where more specific allegation is necessary to enable an accused to defend, a bill of particulars will be granted upon a proper showing. State v. Bolsinger, 221 Minn. 154, 21 N. W. (2d) 480. See, also, State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600.

◼ The petition alleges that relator was deprived of his right under Minn. St. 628.52 to challenge the grand jury, and thus was not charged by due process of law; that he never waived this right; that he had not been informed that the grand jury had been called to consider his case until he was told shortly before the arraignment that he had been indicted; and that had he been so informed, he would have exercised this right. We feel that the claim of denial of the right to challenge grand jurors[2] is indistinguishable, for present purposes, from other claims of prearraignment irregularities which may not be raised, as such, after pleading guilty. See, State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382 (unlawful arrest); State ex rel. Miletich v. Tahash, 275 Minn. 505, 148 N. W. (2d) 134 (absence of preliminary hearing); State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600 (defective information); State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99 (defective arrest warrant). However, the facts alleged in this claim may be considered in determining whether relator received adequate assistance of counsel.

◼ The petition asserts that relator was denied adequate counsel in that his appointed counsel did not inform him that the grand jury had been called to consider his case or that he had the right to challenge grand jurors; that even though the attorney with whom relator had discussed his case told him he thought relator was not guilty of the crime charged and assisted relator in demanding a preliminary hearing, the other attorney came up to him later, before arraignment, and informed relator that he had been indicted the day before and that he felt relator should plead guilty, since he had little chance in view of the grand jury's finding enough evidence to indict him; that counsel failed to explain the difference between ordinary negligence and criminal negligence, the meaning of the allegation in the in-

---

[2] In State v. Hoyt, 13 Minn. 125 (132), where the objection was made at arraignment, this court held that the fact that defendant had no opportunity to interpose a challenge to any of the grand jurors was not sufficient to require that the indictment be set aside where no attempt was made to challenge, defendant's counsel were in court when the grand jury was impaneled and sworn, and it was never shown that there was cause for a challenge.

dictment that relator did "wrongfully and unlawfully operate a motor vehicle," or that the death did not necessarily mean he was guilty; and that because of the latter attorney's advice, relator pleaded guilty at the arraignment.

The presentence examination of relator after his plea of guilty discloses only the following as being relevant here:

"Q. Now, [counsel] has been assigned to represent you in this case, and Mr. * * * is present with you in Court today, is that correct?

"A. Yes.

"Q. And I take it that you've talked this matter over either with Mr. * * * or with his assistant, Mr. * * *, or to some extent with both of them, before you came to Court today, is that correct?

"A. Yes.

"Q. Now, you pleaded guilty to the offense of Death by Criminal Negligence, which means driving a car in a reckless manner and causing the death of another person. Do you understand the nature of the crime to which you have pleaded guilty?

"A. Yes.

*   *   *   *   *

"Q. Have any threats or promises been made to get you to plead guilty to this offense?

"A. No.

"Q. And you have entered your plea of your own free will?

"A. Yes.

"Q. On the 5th day of June, 1965, were you driving a motor vehicle down * * * Avenue?

"A. Yes.

"Q. Is that here in * * *, and * * * County, Minnesota?

"A. Yes.

"Q. Prior to your driving the car down the street there, had you been drinking?

"A. I had about four bottles of beer.

"Q. Okay. Was that within the same afternoon that you were doing this driving?

"A. Yes.

"Q. As you were driving along were you speeding to some extent?

"A. Well, I was going about forty miles an hour. I thought that was the speed limit on a truck route.

"Q. Okay. You realize now, of course, that it was thirty or thirty-five miles an hour?

"A. Yes. The officer told me it was thirty-five.

"Q. Okay. And do you recall going through some stop lights?

"A. No, I don't.

"Q. Okay. Do you recall piling into the car that came off of Eustis from the north going towards the south?

"A. Yeah, I seen it just when it came out of the side street there.

"Q. And you were unable to stop in time to avoid colliding with it, is that correct?

"A. No, I couldn't. I was too close to it.

"Q. And you realize that as a result of this * * * was killed, is that correct?

"A. Yes."

The record does not affirmatively belie relator's claim that his counsel was wanting in the respects asserted. Compare, State v. Danielson, 276 Minn. 428, 150 N. W. (2d) 567; State ex rel. Schwirtz v. Tahash, 273 Minn. 380, 141 N. W. (2d) 811. On the contrary, in light of the proof required to convict of the crime of criminal negligence, see State v. Meany, 262 Minn. 491, 115 N. W. (2d) 247; State v. Homme, 226 Minn. 83, 32 N. W. (2d) 151; State v. Bolsinger, *supra,* the record indicates that extensive consultation with and advice to relator should have preceded the arraignment.

It is true that there is a presumption that court-appointed counsel in a criminal case consulted with his client and advised him of his rights with respect to entering a plea. State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785; State ex rel. Moriarty v. Tahash, 261 Minn. 426, 112 N. W. (2d) 816; State v. Alm, 261 Minn. 238, 111 N. W. (2d) 517. But this certainly is not a conclusive presumption. Here, relator has alleged facts sufficient to rebut the presumption and therefore must be accorded an evidentiary hearing. See, State ex rel. Dinneen v. Tahash, 272 Minn. 7, 136 N. W. (2d) 847; State v. DeCloux, 272 Minn. 94, 136 N. W. (2d) 657; State ex rel. Smith v. Tahash, 272 Minn. 168, 136 N. W. (2d) 617.

It is clear that relator's claim cannot be barred merely because he answered affirmatively the question, "Do you understand the nature of the crime to which you have pleaded guilty?" See, State ex rel. Fruhrman v. Tahash, 275 Minn. 242, 146 N. W. (2d) 174; State v. DeCloux, *supra;* State ex rel. Dinneen v. Tahash, *supra.*

Relator's claims, if true, assert a failure by counsel to advise relator knowledgeably regarding his plea, which may constitute a denial of his right to effective counsel. See, State v. Osgood, 266 Minn. 315, 123 N. W. (2d) 593; State ex rel. Dehning v. Rigg, 251 Minn. 120, 86 N. W. (2d) 723; Waltz, *Inadequacy of Trial Defense Representation as a Ground for Post-Conviction Relief in Criminal Cases,* 59 Nw. U. L. Rev. 289, 310, and

cases cited. If the claims are true, of course, relator's plea of guilty would be no bar; it would have been made under a genuine misapprehension of his legal rights. See, State v. Linehan, 276 Minn. 349, 150 N. W. (2d) 203; State v. Clifford, 267 Minn. 554, 126 N. W. (2d) 258.

■ The facts brought out in the presentence examination appear to fall short of what is required to establish guilt of the crime of criminal negligence resulting in death. It is questionable at this time if the trial court should have accepted the plea, see State v. Olson, 270 Minn. 329, 133 N. W. (2d) 489; State v. Jones, 267 Minn. 421, 127 N. W. (2d) 153, but we recognize the fact that the state has not yet had an opportunity to present evidence on this question.

While ordinarily a person wishing to attack the acceptance of his guilty plea should first present a motion to withdraw the plea to the sentencing court, we feel because of the passage of time that has already occurred in this case, and the fact that only slightly more than a year of relator's sentence remains unserved, in a case like the present one, where the prisoner's claims, if true, clearly entitle him to relief, the most just disposition is to allow him to proceed by means of a hearing in the habeas corpus court. Therefore, we reverse the order of the district court denying relator's petition, and remand the case to the District Court of Washington County for a prompt hearing on said petition.

The general considerations regarding when evidentiary hearings should be granted in post-conviction cases are fully treated in State ex rel. Roy v. Tahash, 277 Minn. 238, 152 N. W. (2d) 301.

Reversed and remanded for a prompt evidentiary hearing.