## STATE v. RONNIE L. BOHALL.

157 N. W. (2d) 845.

March 22, 1968—No. 40,639.

*C. Paul Jones,* State Public Defender, and *Paul Kunert,* for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of conviction.

The defendant, Ronnie L. Bohall, was arrested on a charge of uttering a forged check. The check in question was one made payable to Bohall which he had raised from $6.38 to $66.38. He appeared in municipal court, waived his preliminary hearing, and was bound over for arraignment in district court. On May 12, 1966, he appeared in district court with

court-appointed counsel and entered a plea of guilty. Before accepting this plea, the court questioned Bohall and his counsel, eliciting the following relevant facts:

(1)    The defendant's counsel, with whose services he expressed satisfaction, had "fully discussed everything with him"; "had fully gone over the seriousness of the charge * * * and fully advised [defendant] to the best of [his] ability."

(2)    The defendant was aware of his rights including (a) the right to a jury trial, (b) the burden of the state to prove guilt beyond a reasonable doubt, (c) the presumption of innocence.

(3)    Bohall admitted raising the check made payable to him from $6.38 to $66.38.

Defendant's plea of guilty was accepted, and he was released on his own recognizance pending the presentence investigation. Following this investigation, Bohall again appeared before the court in September and was sentenced to be confined until discharged by competent authority or due process of law.

■    Defendant now contends that the plea of guilty should not have been accepted because the mental deficiencies of the defendant were such that he did not have an understanding of the essential elements of the crime and he did not appreciate the consequences of his plea. We do not feel that the record supports this contention. There is nothing in the record to establish that the defendant's plea of guilty had been made without a full understanding of the charge or without an awareness of the possible consequences. On the contrary the facts elicited by the court indicate the opposite is true. Based on the information before it, the court properly accepted the plea of guilty. See, State v. Adkison, 279 Minn. 1, 155 N. W. (2d) 394; State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785.

■    The defendant also argues that the sentence imposed by the trial court was so harsh that it constituted an abuse of discretion. We cannot limit or amend a sentence authorized by law. State ex rel. Miletich v. Tahash, 275 Minn. 505, 148 N. W. (2d) 134.

Affirmed.