STATE EX REL. FRANCIS D. BEACH v.
RALPH H. TAHASH.

161 N. W. (2d) 664.

September 6, 1968—No. 40,808.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, and *David J. Byron,* Special Assistant Attorney General, for respondent, warden of State Prison.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

---

PETERSON, JUSTICE.

Relator Francis D. Beach, appeals from the order of the District Court of Washington County discharging a postconviction writ of habeas corpus issued in response to a petition raising as the sole issue his constitutional claim that court-appointed counsel gave him ineffective representation.

Relator was charged in Le Sueur County with two crimes: Grand larceny in the first degree, Minn. St. 1961, § 622.05; and carnal knowledge of a female child under the age of 18 years, Minn. St. 1965, § 617.02. He pleaded guilty to both crimes and was sentenced to a term of 10 years for the larceny and 7 years for the carnal knowledge, the sentences to be served consecutively. Relator was represented by the same counsel in both cases.

■ Relator asserts that he was induced to plead guilty to the charge of carnal knowledge upon his counsel's erroneous advice that the sentence would run concurrently with the sentence for grand larceny imposed the previous week. His counsel was otherwise ineffective, relator alleges, because counsel failed to investigate and to inform him that an aggregate sentence of 17 years would result upon the conviction for carnal knowledge. The court below held that these claims lacked evidentiary support, and we agree.

Relator's claim that his counsel induced him to plead guilty under a misapprehension that his sentence for the carnal knowledge crime would run concurrently with the sentence for grand larceny is wholly without support. His real claim, utterly inconsistent with that claim, is that neither he nor his counsel knew with certainty whether the sentence would be concurrent or whether it would be consecutive, and upon that uncertainty he predicates the claim that it was counsel's duty to know for a certainty and to inform him precisely as to what the trial court would, in its discretion, decide to do. The uncertainty of the circumstances under which relator made his own decision to plead guilty is stated in the testimony of his court-appointed counsel:

"[Relator] said, 'I want it over with' he said, 'Then I can be paroled that much faster.' And I said whether it would be concurrent or whether it would be consecutive, that's up to the Court. Now, you have got to

take your own chances. I said, 'The Court won't bargain with you.'

"Well, he was in an awful hurry to get this over with."

Rather than to state the situation in terms of counsel's uncertainty, it would be equally accurate to state that counsel was certain in his advice: That the maximum punishment for the crime was 7 years; that the court would not be disposed to bargain with respect to the sentence if he elected to plead guilty; and that relator should not plead guilty with any expectation of leniency in the sentence which might be imposed.

Relator's understanding as to the sentences that might be imposed was confirmed at the time of sentence by this colloquy:

"The Court finds that you are under the age of twenty-one years at the time of your apprehension and of the age of twenty years, AND THE SENTENCE OF THIS COURT IS that as punishment for said crime of which you have been so duly convicted you be and hereby are committed to the Youth Conservation Commission of the State of Minnesota for the full period of the term imposed by law for the crime here charged, and you are to remain under the supervision and custody of the said Commission until thence duly released and discharged according to law. You understand that sentence?

"DEFENDANT BEACH: Yes, sir."

Relator then asked: "Is that two different sentences?" The court replied, "Two separate and distinct sentences. You were sentenced last week and you are sentenced this week." [1]

■ The test of inadequacy of counsel, as a constitutional consideration, is whether the quality of the representation is so palpably incompetent as to make "a farce and a mockery of justice." See, State v. Waldron, 273 Minn. 57, 69, 139 N. W. (2d) 785, 794; see, also, State v. Bailey,

---

[1] Relator's counsel was at that time uncertain as to the extent of the sentence. He thought it "was never made clear one way or the other" and that it was still "open." This, however, evinces no more than the same uncertainty he had before relator himself decided to plead guilty with knowledge that "the court wouldn't bargain." It was not "open," of course, because under the statute then in effect any sentence would be consecutive unless stated otherwise by the court. Minn. St. 1961, § 610.33.

270 Minn. 64, 132 N. W. (2d) 720. The sentence imposed upon relator was surely severe, but it was not a sentence imposed upon an innocent.[2] Relator unquestionably was informed of his right to plead not guilty and to have a jury determine his guilt or innocence. The only defense that relator would have apparently interposed, had he not pleaded guilty, was that the female subject of his carnal knowledge had represented to him that she was over the age of 18. If she was in fact over 18, the fact would have been a complete defense to the charge, but relator made no effort in the habeas corpus proceeding to establish that such was indeed the fact.[3] Neither relator's mistaken belief nor her alleged representation to him as to her age, as his counsel presumably knew, would itself be any defense to the crime of carnal knowledge.[4] Relator's additional claim that court-appointed counsel was incompetent for failure to advise him of such a meritless defense is accordingly without substance. See, State v. Roberts, 279 Minn. 319, 156 N. W. (2d) 760.

Affirmed.

---

[2] Whether the sentence was harsh, however, is not the issue. The sentence was authorized by law, and we cannot limit or amend authorized sentences. State v. Bohall, 280 Minn. 1, 157 N. W. (2d) 845. Relator was granted parole on May 18, 1967, after serving, in effect, 8½ years on the grand larceny sentence and 2 years on the carnal knowledge sentence. The length of the sentence imposed by the court and the length of time he served without parole probably were the result of the prior record of relator with respect to theft and burglary.

[3] On the contrary, the girl's complaint and relator's plea of guilty establish for the purposes of this appeal that she was 17½ years of age.

[4] Minn. St. 609.02, subd. 9(6), provides: "Criminal intent does not require proof of knowledge of the age of a minor even though age is a material element in the crime in question."