DALE J. RIEBE v. STATE.

164 N. W. (2d) 374.

January 17, 1969—No. 41134.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *James J. O'Connor,* Special Assistant Attorney General, for respondent.

NELSON, JUSTICE.

Appeal from an order of the Morrison County District Court denying a petition for postconviction relief after an evidentiary hearing.

The facts and procedural history, as outlined in defendant-appellant's brief and accepted by the state, are as follows: Defendant was arrested and placed in custody on October 20, 1964. He was charged with burglary allegedly committed on the same date. He appeared for preliminary hearing before the municipal court of the city of Little Falls on the next day. The matter was continued until October 29, 1964, and thereafter until November 16, November 24, and December 4, 1964, at which time the scheduled preliminary hearing was had. The municipal court determined that there was reasonable cause to believe defendant had committed the crime with which he was charged and bound him over to district court on $2,000 bond. He was arraigned December 7, 1964, and at that time pleaded not guilty.

Defendant appeared for trial on January 4, 1965, and moved to withdraw his plea of not guilty and to enter a plea of guilty. This motion was granted. Imposition of sentence was deferred pending a presentence investigation and report. On January 26, 1965, defendant was sentenced to not more than 5 years' imprisonment in the State Prison. Defendant filed a petition for postconviction relief on July 11, 1967. This petition being denied, defendant thereupon appealed to this court on October 30, 1967. He was placed on parole February 20, 1968.

The question presented on this appeal is whether the entry of an intelligent guilty plea in district court, without objection, waives the alleged prearraignment irregularity of failure to have counsel for defendant at

the preliminary hearing. In other words, may the municipal court, as it did in the instant case, conduct a preliminary hearing in the absence of an accused's counsel where, as defendant contends, there has not been a clear waiver by the accused of his right to counsel?

When defendant appeared for preliminary hearing December 4, 1964, he informed the municipal court that his counsel was not present but "will be here." A codefendant waived preliminary hearing, after which defendant stated, "I'll do the same thing." Defendant then immediately informed the court, "He [counsel] told me I should * * * be here today and have my Preliminary Hearing." The court then proceeded to conduct a preliminary hearing after which defendant was bound over to district court. He remained free on bond from the date of the preliminary hearing, December 4, 1964, until his sentencing on January 26, 1965.

The record is clear that at all appearances before the district court defendant was represented by personally retained counsel and it is also clear that at no time did defendant or his counsel mention or object to the preliminary proceedings before the municipal court.

No claim has been made herein that defendant's plea of guilty to the burglary charge was not intelligently entered nor that his representation by his counsel at all district court proceedings was inadequate. Was defendant, under the circumstances which developed at the preliminary hearing, denied any constitutional rights because his retained counsel was not present? The court below found that defendant waived the right to have his counsel present at that preliminary hearing. This, defendant contends, is error. However, defendant's failure to object to an alleged prearraignment irregularity before pleading guilty bars him from raising any objection thereto at this time. The court below found as a fact that at the arraignment in district court defendant appeared with counsel and entered a plea without objection to any prearraignment irregularities. Clearly, such failure to object before a plea constituted a waiver if, in fact, there had not been a prior express waiver of his right to have counsel present.

As defendant points out, the importance of a preliminary hearing as a critical stage of the proceedings instituted against an accused by the

state has been recognized by this court in State v. Zirbes, 274 Minn. 288, 290, 143 N. W. (2d) 212, 214. The right to counsel at such stages was declared by the United States Supreme Court in United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. ed. (2d) 1149. It is, nevertheless, a fact that defendant here had the benefit of his own retained counsel in all appearances before the district court, was extended full opportunity for consultation and preparation for trial, and had the right and the opportunity to assert all defenses and objections he might choose to advance at that time. Instead, after pleading not guilty at his arraignment, defendant altered the plea to guilty at the time of trial. On both of those occasions, he was represented by counsel and no one offered any objection to the prior proceedings.

Thus, whether defendant in fact affirmatively waived his right to counsel at the preliminary hearing or was somehow coerced into doing so by the court's statement that they "would hold a Preliminary regardless whether your attorney was present or not" appears moot in the light of his subsequent entry of a guilty plea.

It would appear that the recent case of State ex rel. Miletich v. Tahash, 275 Minn. 505, 148 N. W. (2d) 134, has heretofore disposed of the issue presented on this appeal. In that case, defendant was arrested on a check forgery charge. The record failed to disclose any preliminary hearing at the municipal court level—only an informal conversation between the judge and defendant in the corridor prior to his being bound over to district court. Defendant, represented by private counsel at arraignment in district court, pled not guilty to the charge made against him. Subsequently he requested permission to change his plea to guilty. Substantially the only question raised on appeal in postconviction habeas proceedings was whether petitioner was denied any constitutional rights because he did not have a preliminary hearing prior to being bound over to the district court.

Mr. Chief Justice Knutson speaking for the court in the Miletich case said (275 Minn. 507, 148 N. W. [2d] 136):

"Minn. St. 628.31 provides that an accused party has the right to preliminary examination before an information is filed against him unless

he chooses to waive such right. Failure to object to the lack of preliminary examination before the defendant enters a plea when arraigned constitutes a waiver. State ex rel. Welper v. Rigg, 254 Minn. 10, 13, 93 N. W. (2d) 198, 201, where we said:

" '* * * [A] preliminary hearing is not a trial, and a defendant may not save his objections to the failure of the magistrate to give him a preliminary examination until after he has been given a fair and impartial trial by a court of competent jurisdiction resulting in his conviction and then attempt to vitiate the proceedings. At any point up to the time he enters his plea he may call these irregularities to the attention of the court; failure to do so by then must necessarily be deemed a waiver of these objections.'

"'* * * Under our procedure, waiver of a preliminary hearing does not waive any rights that a defendant may not raise prior to his arraignment. It may be that if the case is tried a preliminary hearing does have some value as a discovery proceeding, but where a plea of guilty is entered it is difficult to see how any prejudice results from a waiver of a preliminary hearing. That is the situation we have here. While the record is not clear as to exactly what took place prior to arraignment, we hold that even if no preliminary hearing was held prior to the time petitioner obtained counsel, no harm has resulted in view of his later plea of guilty to the charge contained in the information. We see no purpose in discussing the matter further." [1]

See, also, State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198; State ex rel. Ballinger v. Tahash, 273 Minn. 177, 140 N. W. (2d) 53.

On the basis of the holding in the Miletich case, and in light of defendant's plea of guilty while represented by counsel of his own choosing, no

---

[1] Cases involving other claims of prearraignment irregularities followed by a subsequent plea of guilty are State ex rel. Kier v. Tahash, 278 Minn. 427, 153 N. W. (2d) 222 (right pursuant to Minn. St. 628.52 to challenge the grand jury); State ex rel. Duhn v. Tahash, 275 Minn. 377, 147 N. W. (2d) 382 (unlawful arrest); State ex rel. Masters v. Tahash, 266 Minn. 348, 123 N. W. (2d) 600 (defective information); State ex rel. Schwanke v. Utecht, 233 Minn. 434, 47 N. W. (2d) 99 (defective arrest warrant).

prejudice has resulted to him from his lack of counsel at the preliminary hearing. We see no denial herein of a fundamental right which would entitle defendant to relief. His withdrawal of a plea of not guilty and his entry of a guilty plea subsequent thereto waived all prearraignment irregularities if any existed.

Affirmed.