STATE v. CALVIN KING.

167 N. W. (2d) 745.

May 2, 1969—No. 41175.

*Whitney E. Tarutis,* for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *John Cushman,* Assistant Attorney General, and *Harold G. Myre,* County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal by defendant from a judgment of conviction following his plea of guilty to the crime of carnal knowledge.

On the morning of March 28, 1967, defendant, Calvin King, was arrested pursuant to a warrant on a charge of carnal knowledge of a girl under 18 years of age, under Minn. St. 1965, § 617.02. That same afternoon he was brought before a justice of the peace and bound over to district court. The certificate of proceedings in justice court indicates only that the complaint was read to defendant, that he waived a preliminary hearing, and that he was not represented by counsel. Shortly thereafter, defendant was questioned by the sheriff and a tape recording was made of the interrogation.

Defendant was unable to post bond and remained in jail until his arraignment in district court on April 12, 1967. During this time, at least by March 31, 1967, the public defender contacted and met privately with him. At the arraignment defendant submitted a written request that he be allowed to plead guilty. His counsel informed the court that defendant had been without aid of counsel at his original appearance. The court, after explaining the advantages of a preliminary hearing, offered to remand the case in order to afford defendant such a hearing with counsel present. This offer was declined by defendant. The court then questioned defendant extensively on his knowledge of his rights and of the effect of a plea of guilty, and on whether there had been any offers or suggestions which induced his

petition. Following this examination and a similar one by his attorney, defendant was allowed to plead guilty and a presentence investigation was ordered.

On May 22, 1967, defendant was sentenced by the district court to a maximum term of 7 years in the State Prison at Stillwater. On November 13, 1967, he petitioned the district court for leave to vacate his plea of guilty and for an evidentiary hearing. This motion was denied on December 15, 1967. In the interim, on November 15, notice of appeal to this court was filed by defendant.

The procedural posture of this case is somewhat confusing in that defendant's motion to vacate his plea of guilty, while similar to a postconviction remedy petition under Minn. St. 590.01, was made while there was yet time for direct appeal to this court from the judgment of conviction. Despite this fact the state made no objection and the district court considered the motion on its merits. As stated, in the interim between the filing of the motion and the court's disposition of it, the present appeal was taken from the judgment. In his brief, defendant argues for reversal of the court's order denying the motion. This procedure is, of course, wholly improper under the postconviction remedy procedure. However, because defendant's motion was denied without an evidentiary hearing, the record in the case was virtually unaffected by the proceedings on the motion. In light of what follows as to the contentions properly raised on this appeal, we believe nothing more need be said of defendant's postconviction motion.

The claim that defendant was denied the right to counsel is clearly without merit. Nothing suggests that defendant did not receive the proper Miranda warning at the time of his arrest, which means that he was informed of his right to counsel whether he could afford one or not. Furthermore, defendant consulted with counsel within 3 days after that appearance and was offered the opportunity to revoke his waiver of a preliminary hearing by the district court. What we said in State ex rel. Ballinger v. Tahash, 273 Minn. 177, 180, 140 N. W. (2d) 53, 55, on facts very similar to those involved here, applies with equal force to this defendant. We there quoted from State ex rel. Lacklineo v. Tahash, 267 Minn. 237, 242, 126 N. W. (2d) 646, 650, as follows:

"* * * [The defendant] contends that under due process an accused

'requires the guiding hand of counsel at every step in the proceedings against him' as declared in Powell v. Alabama, 287 U. S. 45, 69, 53 S. Ct. 55, 64, 77 L. ed. 158, 170. The manifest and fatal weakness of this argument is that it exalts theoretical possibilities and ignores what in fact occurred. Counsel was appointed immediately after it was determined [in the district court proceedings] that petitioner was indigent and before arraignment was completed or had reached the stage where it could be regarded as reasonably likely that any available defenses might be waived or irretrievably lost. * * * There is no showing whatsoever that any procedural steps required to be taken before a plea is entered could not have been taken, or that he requested any to be taken, or, in fact, that any such steps were warranted."

Here there is no indication on the record or in defendant's brief that defendant was incompetently represented. Absent an affirmative showing of incompetence, there is a controlling presumption that a court-appointed attorney has advised the defendant in good faith of his rights in entering a plea. State ex rel. Drysdale v. Tahash, 278 Minn. 361, 154 N. W. (2d) 691; State v. Waldron, 273 Minn. 57, 139 N. W. (2d) 785. Such advice would certainly include informing the defendant of his right to challenge prior proceedings before entering his plea. Furthermore, in this case the district court invited the defendant to revoke his waiver of the preliminary hearing and defendant, with the advice of counsel, refused.

Defendant's brief contains numerous allegations of prejudice by virtue of the procedures followed but nowhere cites a concrete example of such prejudice or makes any attempt to go beyond the bare statement that there was prejudice. On the record before us this statement is without support.

As to the claim that defendant's plea of guilty was involuntary, there is nothing in the record, nor any allegation in defendant's brief, that could be even remotely considered as raising a colorable showing of any possible ground on which a court could conclude that the plea was anything but voluntarily and intelligently made. Defendant had the advice of counsel at the time he entered his plea and was extensively examined by the court before it was accepted. By his own admission he understood his rights and the consequences of his act, and he declared it to be entirely by his own choice.

On the record before us it is clear that defendant's claims are wholly without merit. It is apparent that further proceedings would be nothing more than a useless exercise. The trial court's judgment must be affirmed.

Affirmed.