# STATE v. HENRY HAWN.

182 N. W. (2d) 712.

December 18, 1970—No. 41806.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, and *Darrell C. Hill,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Rosengren, JJ.

CHESTER G. ROSENGREN, JUSTICE.*

Appeal from a judgment entered on a jury verdict of guilty

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

to the charge of aggravated forgery in violation of Minn. St. 609.625, subd. 3.

On June 17, 1967, defendant, Henry Hawn, also known as Francis Hamilton, presented a $36 check to a cashier at the National Food Store in Willmar, Minnesota. The check was payable to defendant who endorsed it before presentation to the cashier. The check was signed "Ralph Blanchard" and was drawn on the First State Bank of Litchfield. Defendant's social security number and a notation indicating that the check was payment "For Farm labor" appear on the face of the check. The First State Bank of Litchfield returned the check, indicating that "Ralph Blanchard" maintained no account at that bank.

On July 11, 1968, an information was filed by the Kandiyohi County attorney charging defendant with aggravated forgery in violation of Minn. St. 609.625, subd. 1 (actual forgery). Defendant had been bound over to district court following an arraignment and preliminary hearing on the same charge in the Willmar municipal court. On July 11, 1968, defendant was arraigned on the charge in the information and entered a plea of not guilty. On July 15, 1968, the information was amended to include a charge of aggravated forgery in violation of § 609.625, subd. 3 (uttering and possessing a known forged instrument), and trial commenced. The following day a jury found defendant guilty of the charge made in the amended information and judgment was entered on the verdict.

Defendant claims that (1) he was denied a fair trial when evidence of an unconnected and unrelated criminal act was received into evidence; (2) the information was unfairly amended to include a new charge; and (3) the evidence was insufficient to support a verdict of guilty. A fourth claim dealing with the sufficiency of the Spreigl notice (State v. Spreigl, 272 Minn. 488, 139 N. W. [2d] 167) was withdrawn at oral argument.

We affirm.

The evidence which defendant claims was improperly ad-

mitted over timely objection is a check dated June 16, 1967, which is similar to the check on which defendant was convicted in all but three respects—it bore a date one day earlier than the June 17, 1967, check; it bore a different printed number; and it was cashed by a different Willmar merchant. Defendant objected on the grounds that no proper foundation was laid for acceptance of the June 16 check into evidence in that no witness identified defendant as the person who had cashed it.

The admissibility of the June 16 check is governed by State v. Clark, 270 Minn. 538, 556, 134 N. W. (2d) 857, 869, in which this court said:

"* * * The rule is well established that other checks cashed at or about the same time as the one upon which the charge is based are admissible to show a common scheme or plan from which an inference may be drawn that defendant had knowledge that the checks were forged and that he had presented them with intent to defraud."

We now expressly hold that, assuming no other basis for a finding of clear abuse of discretion, a trial court is acting within its discretion when it admits into evidence, for the limited purpose of showing a common scheme or plan, a check cashed about the same time as the one on which a charge of forgery is based, even though there is no identification of the defendant as the party who cashed that check. See, State v. Bock, 229 Minn. 449, 39 N. W. (2d) 887. Here, the June 16 check was so closely related in time, scheme, and pattern to the act charged as to preclude any possibility of our finding an abuse of the trial court's discretion in admitting the check. State v. Klotter, 274 Minn. 58, 142 N. W. (2d) 568.

■ The original information charged defendant with actually forging the June 17 check. Defendant claims that amendment of the information to include the charge of uttering a known forged instrument (§ 609.625, subd. 3) on the day of trial prejudiced him because he was prepared to defend only against the

initial charge of forgery (§ 609.625, subd. 1). Defendant also claims that there must be a preliminary examination pursuant to Minn. St. 628.31 before the amended information is filed.

We reject these contentions. It does not appear that defendant was misled by the charge in the information. The original information was undoubtedly sufficient to apprise the defendant of the nature of the charge on which he was eventually convicted. In addition, defendant actually received 2 days' notice that the amended information would be filed, waived the statutory requirement of at least 4 days' notice (Minn. St. 628.19), and entered a plea of not guilty to the amended information. Under such circumstances defendant has not shown sufficient prejudice in the amendment of the information to require a reversal of the conviction after a fair trial. State v. Clark, *supra*. It is a long-established rule in this state that failure to object to the lack of a preliminary examination before entry of a plea is necessarily a waiver of this objection. Riebe v. State, 282 Minn. 276, 164 N. W. (2d) 374.

■ Our review of the record indicates that the evidence is sufficient to support the jury verdict.

The jury could reasonably conclude from the state's witnesses that the drawer of the check is a fictitious person. This raises the permissible inference that the check has been forged. State v. Clark, *supra*.

The evidence is also sufficient to support the permissible inference that defendant knew the check was forged and that he had presented it with intent to defraud. State v. Polk, 263 Minn. 209, 116 N. W. (2d) 540.

Affirmed.